**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COUNTY OF MONMOUTH, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PFIZER, INC.,

    Defendant.

Civil Action No. 22-2050 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff County of Monmouth's ("Plaintiff") Motion to Stay Proceedings, pending consideration by the Judicial Panel on Multidistrict Litigation ("JPML") of a motion to consolidate and transfer this and other related cases ("Related Actions") for centralized proceedings pursuant to 28 U.S.C. § 1407. (ECF No. 13; *see In Re: Chantix (Varenicline) Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 3050 (ECF No. 1) (filed on Aug. 31, 2022).) Defendant Pfizer, Inc. ("Defendant") opposed (ECF No. 19), and Plaintiff replied (ECF No. 20). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Plaintiff's Motion.

**I.  BACKGROUND**

Defendant manufactures and sells the smoking cessation brand-name drug Chantix, which was approved by the Food and Drug Administration ("FDA") in May 2006. (Compl. ¶¶ 1-3, ECF No. 1.) Until recently, Defendant has continuously manufactured, marketed, and sold Chantix

without any generic competition due to exclusivity provided by patent protection. (*Id.* ¶¶ 4-7.) Non-party Apotex, Inc. distributed Chantix in Canada on Defendant's behalf. (*Id.* ¶ 103.) In October 2020, Health Canada—the FDA analogue for Canada—informed Apotex, Inc., about the presence of nitrosamines in Chantix and its generic equivalents—specifically, a nitrosamine known as N-nitroso-varenicline, among others. (*Id.* ¶¶ 10, 102, 104.) Nitrosamines are genotoxic compounds and known human carcinogens. (*Id.* ¶¶ 10, 12, 122.) Plaintiff alleges that the presence of nitrosamine contaminants in Chantix renders it adulterated and misbranded under federal and analogous state laws, and therefore economically worthless and illegal to sell. (*Id.* ¶¶ 60, 69-76; Pl.'s Moving Br. 2, ECF No. 13-1.)

Yet despite Health Canada's notice about nitrosamine contamination as early as October 2020, and having knowledge about the risks posed by nitrosamines, Defendant did not institute any recall of its product in the United States until June 2021. (Compl. ¶¶ 117, 125, 130-31; Pl.'s Moving Br. 2.) When Defendant did initially institute a recall, it only recalled certain lots of Chantix—however, Defendant finally instituted a product-wide recall in September 2022 "due to the presence of a nitrosamine[.]" (Compl. ¶¶ 117-19, 121 (alteration in original).) Plaintiff, individually and on behalf of all other similarly situated third-party payers, filed the present nine-count Class Action Complaint asserting breach of express warranties; breach of implied warranties; claims pursuant to the Magnuson-Moss Warrant Act, 15 U.S.C. § 2301, *et seq.*; fraud; negligent misrepresentation and omission; violation of state consumer protection laws; unjust enrichment; negligence; and negligence per se. (*Id.* 49-67.)

Pending at the JPML, Plaintiff seeks an Order (1) transferring to the District of New Jersey the eight actions and any other tag-along actions asserting similar or related claims against Defendant involving contaminated, defective, or adulterated Chantix (or varenicline) drug

2

products that contained a carcinogenic substance, N-nitroso-varenicline, and were adulterated, that may be subsequently filed in or removed to the federal courts, and (2) consolidating eight class actions for pretrial discovery and class certification purposes. (Pl.'s Moving Br. 3.)

Plaintiff now seeks to stay this action until the JPML issues a ruling on the transfer request.[1]

## II. **LEGAL STANDARD**

District courts have "broad discretion to stay proceedings as an incident to [the] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) (citations omitted) ("The power to stay [proceedings] is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication."). A stay of proceedings "is particularly appropriate, and within the court's 'sound discretion,' where the outcome of another case may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court." *MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) (quoting *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976)).

Deciding whether to stay a case requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255-56. Considerations include: the hardship to the moving party should the case proceed; the potential prejudice to the non-moving party; whether the actions involve the same or similar parties; the similarity of issues; and judicial economy. *See, e.g., Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 542

---

[1] Also pending before the Court, in addition to Defendant's Motion to Transfer (ECF No. 7), is Defendant's Motion to Dismiss. (ECF No. 8.) Because the parties agree that Defendant's Motion to Dismiss should be stayed at this time, the Court grants Plaintiff's Motion to Stay as to the Motion to Dismiss. (*See* Def.'s Opp'n Br. 1 n.1, ECF No. 19 ("The parties agree that Pfizer's motion to dismiss should be stayed at this time.").)

(D.N.J. 2008); *Loc. 478 Trucking & Allied Indus. Pension Fund v. Jayne*, 778 F. Supp. 1289, 1324 (D.N.J. 1991).

"Stays of a civil action[] are common when the issue of transfer is before the JPML." *Dean v. Novartis Pharms. Corp.*, No. 20-2755, 2021 WL 3508808, at *2 (D.N.J. Aug. 10, 2021); *Packer v. Power Balance, LLC*, No. 11-802, 2011 WL 1099001, at *1 (D.N.J. Mar. 22, 2011); *see Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the [multidistrict litigation] panel because of the judicial resources that are conserved."); 15 Charles A. Wright, *et al.*, Federal Practice & Procedure § 3866.1 ("[D]istrict courts will often exercise their discretionary power to stay the proceedings before them . . . pending a decision by the panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute.").

### III.   DISCUSSION

The Court finds that a stay is appropriate here. *First*, as mentioned, the JPML is considering eight actions and other tag-along actions against Defendant. (Pl.'s Moving Br. 3.) These cases involve similar parties and claims to those in Plaintiff's Complaint, and a consolidation hearing had been scheduled for December 1, 2022. (*See id.*; MDL No. 3050, ECF No. 50.) Indeed, in *Spence et al. v. Pfizer, Inc.*, No. 21-6324 (N.D. Ill.)—a case subject to Plaintiff's Motion to Transfer—the district court stayed the case pending a decision from the JPML before proceeding. (*See* ECF No. 23; *Spence* Tr. 11:12-17, ECF No. 23-1.) Similarly, in *Edwards v. Pfizer, Inc.*, No. 21-04275 (E.D. Pa.)—another case subject to Plaintiff's Motion to Transfer—the district court rejected Defendant's attempt to lift a stay solely to brief the transfer of venue issue due to the shortly incoming decision from the JPML. (*See* ECF Nos. 26, 26-1.) Thus, the Court finds that

4

"[t]he existence of related proceedings and consideration by the JPML of centralizing the claims weighs in favor of a stay." *See Dean*, 2021 WL 3508808, at *2.

*Second*, the Court finds that balancing the parties' interests weighs in favor of a stay. A hearing on the JPML transfer and consolidation motions was scheduled to go forward on December 1, 2022, so any delay should be slight. *See Pa. ex rel. Kane v. McGraw-Hill Cos.*, 2013 WL 1397434, at *5 (M.D. Pa. Apr. 5, 2013) (citation omitted) (finding that "any delay will be relatively short" because "[t]he stay will only be in effect until the JPML issues a ruling on transferring the matter"). Absent a stay, Plaintiff could be compelled to expend unnecessary time and resources independently litigating discovery matters in this district. By contrast, Defendant has not shown any real prejudice that will result from a brief stay while the parties await the JPML decision. Indeed, as mentioned, Defendant has already agreed to a stay of its Motion to Dismiss pending the JPML decision. (Def.'s Opp'n Br. 1 n.1.) And further, consolidation might ultimately result in a more streamlined approach to discovery and resolution of the individual claims asserted against Defendant, avoiding the risk of duplication and inconsistent rulings. *See Dean*, 2021 WL 3508808, at *2. All of these considerations weigh in favor of a stay.

*Third*, the Court finds that considerations of judicial economy favor a stay. A short stay may avoid unnecessary motion practice in this Court, as a consolidation of the matters would likely result in discovery motions being disposed of by a single forum should the JPML consolidate the other federal cases. It would be a waste of judicial resources for this Court to consider the merits of the motions in this action while the JPML is considering whether transfer and centralization is appropriate. *See Pa. ex rel. Kane*, 2013 WL 1397434, at *5 ("In conclusion, any potential prejudice . . . and the unknown, but presumably short, period of delay is clearly outweighed by the harm that would result . . . if the court did not grant a stay, and by considerations of judicial economy.").

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion to Stay Proceedings. An appropriate order will follow.

/s/ Michael A. Shipp
**Michael A. Shipp**
**United States District Judge**